UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA        IN CLERK'S OFFICE      JUDGMENT INCLUDING SENTENCE
        -v-                     U.S. DISTRICT COURT     UNDER THE SENTENCING REFORM ACT

ATHANASIOS CHALKIAS        ★    OCT 1 5 2005     ★    CASE NUMBER: CR-05-346 (ARR)
--------------------------------------x          PAUL W. PICKELL, ESQ
                                P.M. _____ 175 MAIN STREET
                                TIME A.M. _____ WHITE PLAINS, NEW YORK 10601
                                                 Defendant's Attorney & Address

THE DEFENDANT:
__XXX__ pleaded guilty to count one of the information.
_____ was found guilty on counts                     after a plea of not guilty.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 1505 | OBSTRUCTION OF JUSTICE. | ONE (1) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____ The defendant has been found not guilty on count(s)      and is discharged as
      to such count(s).
_____ Remaining counts are dismissed on the motion of the United States.
_____ It is ordered that the defendant shall pay to the United States a special
      assessment of $100.00 which shall be due __XXX__ immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # ___NONE___          _____ OCTOBER 6, 2005 _____
                                           Date of Imposition of Sentence
Defendant's Date of Birth 8/17/46

Defendant's Mailing Address:              _____
                                          ALLYNE R. ROSS, U.S.D.J.
MILIARAKI STREET #23-25
ATHENS, GREECE 11145                      _____ OCTOBER 6, 2005 _____
                                                      Date

Defendant's Residence Address:                A TRUE COPY ATTEST
                                          Date: _____
_____( SAME AS ABOVE )_____                 ROBERT C. HEINEMANN
                                               CLERK OF COURT
_____
                                          By: _____

                                               DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of a month.

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
**XXX** The defendant shall surrender to the United States Marshal for this district,

         **XXX**    at <u>12:00</u> noon    on <u>10/11/05</u>.
         ___    as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

         ___    before 12:00 noon on _____.
         ___    as notified by the United States Marshal.
         ___    as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1)  The defendant shall not commit another Federal, state or local crime;
2)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
3)  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5)  the defendant shall support his or her dependents and meet other family responsibilities;
6)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7)  the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ _100.00_ , consisting of a fine of $ _N/A_ and a special assessment of $ _100.00_ .

\_\_\_\_ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid \_\_\_ immediately
                       \_\_\_ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

\_\_\_ The interest requirement is waived.
\_\_\_ The interest requirement is modified as follows:

1    THE COURT:  Although sentencing is individual and

2    each defendants' sentence must be determined separately and

3    individually, there are a number of sentencing factors common

4    to the defendants such that it makes sense to address common

5    factors together and, of course, individual factors

6    separately.

7         I conclude that a non-guidelines sentence is

8    appropriate in the case of each defendant.

9         Under 3553(a), I'm directed at the outset to

10   consider the guidelines.  Here in the case of both defendants,

11   the guidelines sentences are not disputed.

12        Defendant Kokkinos' guideline calculation is a level

13   12, criminal history category I, carrying a range of

14   imprisonment of ten to 16 months but as this falls within zone

15   C, it permits imposition of a split sentence as low as five

16   months incarceration and five months home detention.

17        Defendant Chalkias' guideline calculation is a level

18   13, criminal history category I, carrying a range of

19   imprisonment of 12 to 18 months permitting at the bottom of

20   the range a sentence of a year and a day resulting in actual

21   incarceration of approximately ten months.

22        In the process of analyzing what is an appropriate

23   sentence or what are appropriate sentences, in the case of

24   each defendant, under the statute I have considered the

25   guidelines.

1          Turning to the nature and circumstances of the

2    offense, both defendants engaged in serious criminal conduct

3    involving serious environmental violations and false

4    statements and obstruction calculated to cover up that

5    misconduct.  But it is also clear that these defendants

6    engaged in both the criminal conduct and the criminal cover-up

7    not motivated by hopes of personal enrichment but at the

8    direct command of their employer, co-defendant Karlov Shipping

9    Company.

10          Their employer, to save itself the costs of

11    separating and disposing of the oil mixed with the bilge

12    water, directed its employees not only to use an overboard

13    discharge pipe to bypass the oily water separator but also to

14    ensure that the discharge pipe "never be found with oil

15    stains" and that particular attention be made to this every

16    time a ship arrived in port.

17          Undoubtedly, defendants carried out their employer's

18    orders in order to maintain their jobs and for no other

19    economic benefit.  That the defendants were directed to commit

20    criminal acts by their employer plainly does not excuse those

21    acts but it does provide important context in understanding

22    the motivation for their criminal conduct.  To that extent it

23    is significant in assessing the nature and circumstances of

24    the offense.

25          Of note too is the fact the defendants are both

1  citizens of Greece, their families are located there, and
2  neither having any ties in the United States, have lived in
3  the New York metropolitan area in hotels since the inception
4  of this proceeding some ten months ago.  Further,
5  approximately the first three months of this ten-month period
6  were spent under conditions of home confinement.

7         Although there is truth to the government's argument
8  that as to defendants' separation from family and three months
9  home detention comes as a result of defendants' own decisions
10 and actions, the nature and extent of punishment already meted
11 out to defendants is nonetheless relevant to the appropriate
12 further punishment to be imposed.  It is also of relevance as
13 the government has acknowledged that once defendants elected
14 to enter guilty pleas, they met with the government and were
15 found to be cooperative and candid.

16        Defendants' conduct in this regard may also be
17 considered of greater significance than in many other cases
18 since there was no safety valve of which defendants might
19 avail themselves as a result of their candor and cooperation
20 in this case.

21        Turning to the individual nature and characteristics
22 of each defendant, defendant Chalkias' family situation is I
23 believe extraordinary.  The defendant is sole support of his
24 homemaker wife and his emotionally disturbed, brain damaged
25 and otherwise extremely ill 39-year-old son.  As set forth in

1  the presentence report, the condition of defendant's son is

2  particularly precarious.  Although the Greek government covers

3  much of the son's health care cost, defendant is responsible

4  for a 20 percent co-pay on his extensive medications and is

5  fully responsible for all of his other expenses.

6          Although the guidelines are not relied upon here,

7  these family circumstances, as detailed in the presentence

8  report and other submissions before the Court, would, I

9  believe, qualify as extraordinary, warranting a departure even

10  under the guidelines.  In any event, they are of substantial

11  significance in assessing Mr. Chalkias' personal circumstances

12  under the sentencing statute.

13          Defendant Kokkinos' personal circumstances are

14  complicated by his kidney disease which initially required

15  dialysis and subsequently a kidney transplant.  Although the

16  surgery appears to have been successful, defendant is on a

17  host of medications which must be carefully monitored.  In

18  fact, in January of this year, one of his medications was

19  found to have caused a complication of gout.

20          In light of all the above circumstances, I believe

21  that the goals of the sentencing statute would be amply

22  satisfied in the case of both defendants by a custodial

23  sentence for each of 30 days.  A custodial term of one month

24  combined with the time defendants have already spent under

25  conditions of home detention appropriately reflects the

1 seriousness of defendants' offenses tempered somewhat by their
2 actual motivations and thus provides just punishment for their
3 conduct and promotes respect for the law.

4     I also believe these sentences properly ensure a
5 deterrent effect both on the individual defendants and on the
6 industry in which such criminal practices are apparently
7 endemic. The employees of the shipping companies must be
8 deterred generally from complying with the illegal directives
9 of their employers and thus perpetrating such criminal
10 conduct. At the same time it should be recognized that the
11 employees are vulnerable to the illegal directives they are
12 given since defiance would likely mean loss of livelihood and
13 compliance benefits only the profit margins of their
14 employers.

15     Importantly too, the one-month sentence accommodates
16 the nature, characteristics and personal circumstances of the
17 individual defendants without undercutting the seriousness of
18 their conduct or failing to serve the goal of deterring
19 criminal conduct by others.

20     Therefore, with respect to defendant Chalkias, I
21 sentence him to the custody of the Attorney General for a
22 period of one month to be followed by a three-year period of
23 supervised release with special conditions that if excluded,
24 he not illegally reenter the United States and prohibit the
25 possession of a firearm.

1          I make a finding that he is unable to pay a fine but

2   I will impose the $100 special assessment.

3          As to defendant Kokkinos, I sentence defendant to

4   the custody of the Attorney General for a period of one month

5   on each count to run concurrently plus three years of

6   supervised release with special conditions that if excluded,

7   he not illegally reenter the United States and I prohibit the

8   possession of a firearm.

9          I make a finding that he is unable to pay fine but I

10  will impose the mandatory $200 special assessment.

11         Let me advise defendants that there are

12  circumstances in which you may appeal the sentence, I don't

13  believe this is going to apply in your case but if you choose

14  to appeal, a notice of appeal must be filed within ten days

15  and if you cannot afford counsel, counsel will be appointed to

16  represent you by the Court.

17         MR. MADDALONE:  Judge, could I request on behalf of

18  my client a self surrender date of Monday?  They are still in

19  the hotels.

20         MR. PICKELLE:  I join in that.

21         MR. POUX:  We have no objection.

22         THE COURT:  Tuesday.

23         (The matter was concluded.)

24

25